# In the United States Court of Federal Claims

No. 11-157C

(Filed: September 25, 2013)
**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **BAY COUNTY, FLORIDA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

George R. Mead, II, Moore, Hill & Westmoreland, Pensacola, Florida, for plaintiff. With him on the briefs was Charles F. Beall, Jr., Moore, Hill & Westmoreland, Pensacola, Florida.

Antonia R. Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Christopher S. Cole, Trial Attorney, Commercial Law & Litigation Directorate, Department of the Air Force.

## ORDER

LETTOW, Judge.

On August 14, 2013, the court granted plaintiff, Bay County, Florida ("Bay County" or "the County"), partial summary judgment, concluding that the Air Force ("the government") was liable for damages due to its breach of two contracts by which the Air Force was purchasing water and sewer services from the County. *See Bay County, Florida v. United States*, __ Fed. Cl. __, 2013 WL 4083364 (Aug. 14, 2013). On September 11, 2013, the government filed a motion for reconsideration of that decision ("Def.'s Mot."), asking the court to amend two observations made in the course of describing the background of the case. For the reasons set out below, the court denies the government's motion.

*Standard for Reconsideration*

As the government contends, given the interlocutory procedural posture of this case, the standard for reconsideration is provided by Rules 54(b) and 59(a) of the Rules of the Court of Federal Claims ("RCFC"). RCFC 54(b) provides that a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011); *Wolfchild v. United States*, 68 Fed. Cl. 779, 784 (2005).

Reconsideration under RCFC 54(b) is available "as justice requires," which is a "less 'rigorous'" standard than the standard for reconsideration of final judgments. *Martin v. United States*, 101 Fed. Cl. 664, 670-71 (2011) (citations omitted). The standard is satisfied when:

> [T]he court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.

*See L-3 Commc'ns*, 98 Fed. Cl. at 49 (internal citations and quotations omitted). Such a motion is unavailing when the moving party "merely reassert[s] arguments which were previously made and carefully considered by the court." *Pinckney v. United States*, 90 Fed. Cl. 550, 555 (2009) (internal citations and quotations omitted),

Under RCFC 59(a), the court may grant a motion for reconsideration under the following circumstances:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
>
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
>
> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). "These rules reflect the precept that [c]ourts possess inherent power to modify their interlocutory orders before entering a final judgment." *Wolfchild*, 68 Fed. Cl. at 784-85 (internal citation and quotations omitted). The decision whether to grant a motion for reconsideration is within the sound discretion of the court. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

### A. *Presenting Summary-Judgment Motions*

#### 1. *Prior procedural setting of the case.*

As presented to the court, the parties submitted "renewed" motions for summary judgment, which had a somewhat unusual procedural posture. The parties had first filed motions for summary judgment on January 30, 2012. *See* Pl.s' Mot. for Summary Judgment, ECF No. 16; Def.'s Mot. for Summary Judgment, ECF No. 18. Those motions were denied by the then-presiding judge on September 25, 2012, without prejudice to renewal. *See* Order of Sept. 25, 2012, ECF No. 40; *see also* Order of Jan. 15, 2013, ECF No. 45. Renewed motions for summary judgment then were filed by the parties on January 11, 2013. *See* Pl.'s Supplemental Mem. in Support of Mot. for Summary Judgment, ECF No. 43; Def.'s Renewed Mot. for Summary Judgment, ECF No. 44; *see also* Pl.'s Mot. for Summary Judgment, ECF No. 54 (Feb. 8, 2013). At that point, the judge who had been presiding over the action retired, and the case was transferred to the undersigned judge.

Procedurally, the previously-assigned judge had permitted the parties to take two different approaches to providing a factual context for the motions for summary judgment. Bay County accompanied its first motion with a Statement of Undisputed Facts, ECF No. 17, and it provided a Second Statement of Undisputed Facts, ECF No. 55, in support of its renewed motion.[1] The government took a different approach, filing declarations and extensive documentary appendices to support its motions. Additionally, the Statement of Undisputed Facts, declaration, and documentary exhibits attendant to the first motions were carried over to apply also to the parties' second motions.

In inheriting the case from the retiring, previously-assigned judge, the undersigned did not act to require the parties to conform to any particular procedural route for submission of factual material, but rather took the case as it received it and proceeded to render a decision.

#### 2. *Procedural alternatives for summary judgment motions.*

RCFC 56, the court's rule for presenting summary-judgment motions, was significantly amended effective July 15, 2011, to accord with revisions to Fed. R. Civ. P. 56 that went into effect on December 1, 2010. In its decision rendered on August 14, 2013, the court quoted the relevant portions of the Rule. *See Bay County*, 2013 WL 4083364, at *4 (quoting RCFC 56(c)(1)(A)). The government does not quarrel with the standard that was applied by the court, or, indeed, with the result reached by the court. The government does, however, take issue with the court's comment that the government had "failed to respond" directly to the assertions of fact in Bay County's Second Statement of Undisputed Facts. Def.'s Mot. at 4 (heading, capitals omitted) (referring to *Bay County*, 2013 WL 4083364, at *1 n.2). The government argues, first,

---

[1]Bay County also separately filed three affidavits in connection with its second motion for summary judgment. *See* Affidavit of Gerald Hartman, ECF No. 51, Affidavit of William Miller, Jr., ECF No. 52, and Affidavit of Ashley Stukey, ECF No. 53.

that Bay County's use of a Statement of Undisputed Facts was an outmoded procedural means to support a motion for summary judgment and, second, that the government had in actuality responded to Bay County's factual submissions, employing a declaration and documentary exhibits for the purpose. Def.'s Mot. at 5-6. Both positions are without merit.

First, when this court adopted a revised version of RCFC 56 in 2011, it copied the text of Fed. R. Civ. P. 56 as that rule had been amended effective December 1, 2010. *See* RCFC 56, rules committee's notes, 2011 amendments. Under the revised rule, the government argues that separate statements of undisputed facts are "no longer required, or authorized." Def.'s Mot. at 4. Instead, the government avers that "amended RCFC 56 required the use of 'affidavits or declarations' to support factual positions." *Id*. at 5. This interpretation misreads the rule. As the advisory committee note to the revision in 2010 of Fed. R. Civ. P. 56 explains,

> *Subdivision (c)(1)* addresses the ways to support an assertion that a fact can or cannot be genuinely disputed. It *does not address the form for providing the required support. Different courts and judges have adopted different forms including*, for example, directions that the support included in the motion, made part of *a separate statement of facts*, interpolated in the body of a brief or memorandum, or provided in a separate statement of facts included in a brief or memorandum.

Fed. R. Civ. P. 56 advisory committee's notes, 2010 amendments (emphasis added). In short, the rule is flexible regarding the manner in which a motion for summary judgment may be supported. Here, the previously assigned judge had permitted use of a separate statement of facts, and, upon inheriting the case at a point when a second round of briefing was underway, the undersigned had no inclination to waste the parties' resources by requiring rebriefing in a different format.

Second, the court's comment in its decision was not that the government had failed to respond in any way to Bay County's first and second statements of fact, but rather that the government had not done so "directly." *Bay County*, 2013 WL 4083364, at *1 n.2. In the main, the government's proffered declaration and documentary exhibits were focused on its legal position in the case and did not address many factual aspects Bay County had put forward in connection with its legal contentions. As a result, when the court concluded that Bay County prevailed on the law, the County's factual support became important and much of the government's factual proffer became irrelevant.

Overall, the parties' use of different procedural means of supporting and rebutting factual aspects of their renewed summary judgment motions might have been somewhat awkward, and not particularly desirable, but it did not contravene RCFC 56.

4

B. *Providing Details About the Government's Legal Position*

As a secondary ground for amendment of the court's decision, the government requests that the court revise statements concerning the grounds on which the government might act to address a proposed utility rate change by a non-independent regulatory body. *See* Def.'s Mot. at 6. Specifically, the government objects to the court's statement that "for [non-independently] regulated utility services, the Air Force is empowered to approve or reject potential rate changes proposed by the utility." Def.'s Mot. at 6 (quoting *Bay County*, 2013 WL 4083364, at *1). The government considers this statement to be "incorrect as a matter of law because, when considering proposed rate increases by non-independent regulatory bodies, the FAR ['Federal Acquisition Regulation,' found in title 48 of the C.F.R.] requires the Air Force to make a determination that any proposed rate changes are justified, and the FAR sets forth explicit parameters that guide the Air Force's consideration of a proposed rate increase." Def.'s Mot. at 6. The government continues by describing in some detail the Air Force's obligations in considering rate increases by non-independently regulated utilities:

> In particular, determining whether a rate increase [by a non-independently regulated utility] is justified requires the Air Force to consult various publicly available labor statistics and pricing publications and to determine whether the unregulated utility's labor and other input costs have increased to the extent reflected in the proposed rate increase. Furthermore, in the event the Air Force concludes that the proposed rate increase is not justified based upon cost data, the contracting officer requests additional information from the unregulated utility as to the basis for the proposed rate increase. The amount of documentation required is based upon the contracting officer's discretion, but that documentation must be sufficient to permit the contracting officer to determine whether the increased rate is reasonable and justified under FAR subpart 15.403-3(a)(1).

Def.'s Mot. at 7.

The government may well be correct respecting its detailed description of the Air Force's responsibilities in considering a rate increase by a non-independently regulated utility. Those details, however, are not pertinent to the court's disposition because the court concluded that Bay County was an independent regulatory body under the pertinent provisions of the FAR and the Defense Federal Acquisition Regulation Supplement. *See Bay County*, 2013 WL 4083364, at *6-*7. In these circumstances, no need arises to amend the court's decision to elaborate on the Air Force's responsibilities in a different legal setting.

**CONCLUSION**

For the reasons stated, the government's motion for reconsideration of two secondary aspects of the court's decision rendered on August 14, 2013, is DENIED.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Judge